**MCDONNELL CROWLEY, LLC**
115 Maple Avenue
Red Bank, NJ 07701
(732) 383-7233
bcrowley@mchfirm.com
Brian T. Crowley
*Counsel to John M. McDonnell,*
*Chapter 7 Trustee/the Plaintiff*

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>DEXTER C. BARTHOLOMEW and DJENANE BARTHOLOMEW<br><br>Debtor. | Case No. 15-23509 (CMG)<br><br>Honorable Christine M. Gravelle<br><br>Chapter 7 |
| JOHN M. MCDONNELL, AS CHAPTER 7 TRUSTEE,<br><br>Plaintiff,<br><br>v.<br><br>DEXTER C. BARTHOLOMEW and DJENANE BARTHOLOMEW<br><br>Defendants. | Adv. Pro. No. 17-_____ (CMG) |

**VERIFIED ADVERSARY**
**COMPLAINT TO REVOKE DEBTORS' DISCHARGE**

John M. McDonnell, the plaintiff and the chapter 7 trustee (the "Trustee" or the "Plaintiff") of the estates of Dexter C. Bartholomew and Djenane Bartholomew, the chapter 7 debtors (the Defendants" or the "Debtors") and the defendants, by way of a Complaint against the Defendants. Based upon information and belief, the Trustee hereby alleges as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C.§1334 (b), 28 U.S.C. §157(a) and (b)(1).

2. Venue is properly fixed in this Court pursuant to 28 U.S.C. §1409.

3. This is a core proceeding that may be heard and determined by a bankruptcy judge pursuant to 28 U.S.C. §157.

4. This is an adversary proceeding to revoke the Defendants' discharge pursuant to 11 U.S.C. §727.

## PARTIES

5. The Defendants are the debtors in the within chapter 7 proceeding, with an address at 23 Dora Lane, Holmdel, New Jersey 07733.

6. The Plaintiff is the appointed chapter 7 trustee in the Defendants' chapter 7 proceeding.

## BACKGROUND

7. On July 17, 2015 (the "Petition Date"), the Debtors filed their joint voluntary petition (the "Petition") for relief under chapter 11 of the Bankruptcy Code, in the United States Bankruptcy Court for the District of New Jersey. *See* Docket No. 1.

8. On January 20, 2016, this Court entered an order converting the chapter 11 bankruptcy case to a chapter 7. *See* Docket No. 137.

9. On January 20, 2016, John M. McDonnell, Esq. was appointed the Trustee for the Debtors, has duly qualified and is acting in that capacity. *See* Docket No. 140.

10. The 341(a) meeting (the "341 Meeting") of creditors was held on February 17, 2016. *See* Docket *generally*.

11. On April 20, 2016, the Trustee issued separate Bankruptcy Rule 2004 subpoenas (the "Rule 2004 Subpoenas") to each of the Debtors.

12. The Trustee he did not receive a complete response to his Rule 2004 Subpoenas.

13. The Trustee was also concerned as to potential transfers to insiders and/or third parties.

14. The Defendants' failure to, among other things, properly disclose information related to potential assets and the possible transfer of assets and otherwise cooperate with the Trustee acted to the detriment of the estates and in violation of the obligations they voluntary availed themselves to with the filing of their Petition.

15. Accordingly, on October 17, 2016, the Trustee timely filed his complaint (the "Non-Dischargeability Complaint") against the Debtors, seeking, among other things, to object to the Defendants' discharge, pursuant to section 727 of the Bankruptcy Code, and Fed. R. Bankr. P. 7008(b) and 7054, which is administered under Adv. Proc. No. 16-01783-CMG (the "Adversary Proceeding"). *See* Docket No. 1 in *McDonnell v. Bartholomew,* Adv. Proc. No. 16-01783-CMG.

16. On January 10, 2017, the Defendants filed their answer to the Non-Dischargeability Complaint and asserted certain defenses.

17. Following extensive good faith negotiations and mediation with Peter Broege, Esq., including a lengthy meeting on May 19, 2017, the parties agreed to settle the Non-Dischargeability Complaint and potential claims against certain family members of the Debtors that included possible claims for voidable transfers under chapter 5 of the Bankruptcy Code.

18. As part of the settlement negotiations the Debtors specifically sought additional time to make the settlement payment. Indeed, even though the settlement agreement was

negotiated in May 2017 the terms of the settlement agreement would provide the Debtors would not have to make any payments until four (4) months later in August 2017.

19. Based on information and belief, the Debtors executed the Stipulation and Consent Order on or about June 22, 2015. *See* **Exhibit "A"** and *McDonnell v. Bartholomew et al.*, Adv. Proc. No. 16-01783-CMG at Docket No. 92.

20. On June 23, 2017, McDonnell Crowley, LLC filed a Notice of Settlement of Controversy between the Trustee and the Debtors on behalf of the Trustee. *See* Adv. Proc. Docket No. 15.

21. On July 28, 2017, this Court entered the Stipulation and Consent Order. *See* **Exhibit "A"** and Adv. Docket No. 18.

22. The Stipulation and Consent Order provided:

> 3. This Stipulation and Consent Order is subject to approval by the Bankruptcy Court and shall become effective on the date it is approved by the Bankruptcy Court (the "Effective Date").
>
> 4. The Debtors shall pay to the Trustee the sum of $50,000 (the "Settlement Funds") by August 17, 2017.

*See* **Exhibit "A"** and Adv. Docket No. 18.

23. Based on the terms of the Stipulation and Consent Order as entered by this Court, the Settlement Funds were due on or before August 17, 2017 (the "Due Date").

24. Based on information and belief, on July 28, 2017, the Trustee's counsel provided a copy of the Docketed Stipulation and Consent order to counsel to the Debtors. *See* **Exhibit "B."**

25. The Debtors immediately enjoyed the benefits of the Stipulation and Consent Order. On July 31, 2017, the Adversary Proceeding was dismissed and August 4, 2017, this Court entered an Order granting the Debtors' their discharge. *See* Docket No. 229.

4

26. The Trustee has repeatedly requested the turnover of the Settlement Funds, only to be told the proverbial "check is in the mail." Attached hereto are various e-mails with Debtors counsel requesting the turnover of the Settlement Funds. *See* **Exhibit "B."**

27. Additionally, on or around August 17, 2017, counsel for the Debtors requested a six (6) day extension to the Due Date – the Trustee actually granted a seven (7) day extension but noted any further delay would require the filing of the within pleading. Thereafter, on August 24, 2017, Debtors counsel noted the Settlement Funds were on its way. Thereafter, Debtors' counsel became unresponsive to the Trustee's request for the status on the turnover of the Settlement Funds – even though the Trustee advised he would be forced to filed a compliance/turnover motion and seek the costs in the filing of the same if the Settlement Funds were not turned over. *See* **Exhibit "B."**

28. Indeed, the turnover of the Settlement Funds is now the only open issue in this case and is preventing the Trustee from completion of his final report to be submitted for review to the United States Trustee and moving this case toward closure and a potential distribution to the estates' creditor body.

29. On September 6, 2017, the Trustee filed his *Motion To (I) Compel Compliance Of The Debtors With Sections 105, 541, and 542, And Stipulation And Consent Order And Finding The Debtors In Civil Contempt For Failure To Obey An Order Of The Court; (II) Directing The Payment Of Attorneys' Fees And Costs; And (III) Granting Related Relief* (the "Compliance Motion"). *See* Docket No. 231.

30. On October 3, 2017, this Court entered an order (the "Compliance Order") granting the relief sought in the Compliance Motion. *See* Docket No. 233.

5

31. The Compliance Order provided in relevant part as follows:

> That the Debtors are compelled to comply with all the terms and provisions of the Stipulation and Consent Order by within three (3) days from the entry of this Order.
>
> That the Debtors are compelled to remit the Settlement Funds in the amount of $50,000 to the Trustee, in accordance with the provisions of the Stipulation and Consent Order within three (3) days from entry of this Order.
>
> The Debtors are directed to pay all the Trustee's reasonable attorneys' fees, expenses, and costs in the amount of $1,500 incurred as a result of the Motion within three (3) days of the entry of this Order.
>
> The Debtors are found in contempt for their failure to obey an Order of the Court in the form of the Stipulation and Consent Order.

*See* **Exhibit "C."**

32. Since the Compliance Order was entered the Debtors have turned over only $15,000 of the Settlement Funds but $35,000 or the vast majority of the Settlement Funds (as defined in the Stipulation and Consent Order) remain outstanding.

33. The Debtors have provided no clarity on the definitive timing on the turnover of the remaining Settlement Funds and/or the $1,500 in legal fees (the "Legal Fees") this Court awarded the Trustee.

34. The Trustee advised the Debtors numerous times that if the Debtors would not comply with the terms of the Compliance Order and/or the Stipulation and Consent Order – then he would be forced to file the within Complaint.

35. The Debtors have acted in bad faith attempts to purposely delay the process and needlessly impose various expenses on the estates.

36. Indeed, this is the Trustee's second complaint against the Debtors for their failure to, among other things, act in good faith and adhere to their obligations they voluntarily availed themselves with the filing of their Petition.

37. The Debtors persistent failure to properly comply with their obligations under the Bankruptcy Code, the Compliance Order, and the Stipulation and Consent Order and cooperate with the Trustee in the turnover of the estates' assets continues to further frustrate the Trustee's efforts to conduct an orderly liquidation of the estates' assets for the benefit of the creditor body.

### COUNT ONE
### (11 U.S.C. § 727)

38. The Plaintiff repeats and realleges each and every allegation contained above as if set forth at length herein.

39. Pursuant to 11 U.S.C § 727(d), a debtor's discharge may be revoked for failing to failing to obey an order of the court. Section 727(d) states as follows:

> (d) On request of the trustee, a creditor, or the United States Trustee, and after notice and a hearing, the court shall revoke a discharge granted under subsection (a) of this section if –
>
> * * *
>
> (3) the debtor committed an act specified in subsection (a)(6) of this section . . . .

40. Section 727(a) provides in relevant part:

- The court shall grant the debtor a discharge, unless—

> * * *
>
> (6) the debtor has refused, in the case—
>
> > (A) to obey any lawful order of the court, other than an order to respond to a material question . . . .

41. The Defendants have repeatedly refused to properly comply with Orders of this Court and turnover the only likely asset of the estates with value, in the form of the Settlement Funds and the Legal Fees.

42. As reflected in the Compliance Order, this Court has already found the Debtors' in contempt.

43. Accordingly, the Defendants' discharge should be revoked under 11 U.S.C. § 727(d).

WHEREFORE, the Plaintiff demands judgment against the Defendants as follows:

(a) For an Order revoking the Defendants' discharge pursuant to 11 U.S.C. § 727(d); and

(b) For such other and further relief as this Court deems just, proper, and equitable.

## COUNT TWO
## (11 U.S.C. §727(d)(2))

44. The Trustee repeats and realleges each and every allegation contained above as if fully set forth herein.

45. Pursuant to 11 U.S.C § 727(d), a debtor's discharge may be revoked for failing to surrender property of the estate or by failing to obey an order of the court. Section 727(d)(2) states as follows:

> (d) On request of the trustee, a creditor, or the United States Trustee, and after notice and a hearing, the court shall revoke a discharge granted under subsection (a) of this section if –
>
> * * *
>
> (2) the debtor acquired property that is property of the estate, or became entitled to acquire property that would be property of the estate, and knowingly and fraudulently failed to report the acquisition of or entitlement to such property, or to deliver or surrender such property to the trustee.

46. The Defendants have failed to turnover property of the estates in the form the Settlement Funds and the Legal Fees.

47. Accordingly, the Defendants' discharge should be revoked under 11 U.S.C. § 727(d).

WHEREFORE, the Plaintiff demands judgment against the Defendants as follows:

(a) For an Order revoking the Defendants' discharge pursuant to 11 U.S.C. § 727(d); and

(b) For such other and further relief as this Court deems just, proper, and equitable.

## COUNT THREE
## (11 U.S.C. §727(e))

48. The Plaintiff repeats and realleges each and every allegation contained above as if set forth at length herein.

49. Pursuant to 11 U.S.C § 727(e), the Trustee, a creditor, or the United States trustee may request a revocation of a discharge–

\* \* \*

under subsection (d)(1) of this section within one year after such discharge is granted; or

under subsection (d)(2) or (d)(3) of this section before the later of–

(A) one year after the granting of such discharge;

and

(B) the date the case is closed.

50. The Defendants continue to fail to comply with orders of this Court and turnover property of the estates in the form the Settlement Funds and the Legal Fees.

51. Accordingly, the Defendants' discharge should be revoked under 11 U.S.C. § 727(e).

WHEREFORE, the Trustee demands judgment against the Defendants as follows:

(a) For an Order revoking the Defendants' discharge pursuant to 11 U.S.C. §727(e); and

(b) For such other and further relief as this Court deems just, proper, and equitable.

## COUNT FOUR
### (Fed. R. Bankr. P. 7008(b))

52. The Trustee repeats and realleges each and every allegation contained above as if set forth at length herein.

53. The Trustee has incurred legal expenses in order to pursue the claims against the Defendants.

54. The Trustee is entitled to recover reasonable attorneys' fees pursuant to Fed. R. Bankr. P. 7008(b).

**WHEREFORE**, the Trustee demands judgment against Defendants as follows:

(a) for an order compelling the Defendants to pay reasonable attorneys' fees pursuant to Fed. R. Bankr. P. 7008(b);

(b) for damages, together with interest, and costs of suit; and

(c) for such other and further relief as this Court deems just, proper, and equitable.

## COUNT FIVE
### (Reservation of Rights)

13. The Trustee repeats and realleges each and every allegation contained above as if set forth at length herein.

14. The Trustee hereby expressly reserves his right to (i) commence any and all other causes of action that he may maintain on behalf of the estates against the Defendants, by amending this Complaint or by separate action, (ii) amend this Complaint to raise additional

claims against the Defendants, and (iii) assert any available objections to any claims that the Defendants may have against the estates.

**WHEREFORE,** the Trustee demands judgment in his favor and against the Defendants, as follows:

(a) granting the relief as more fully set forth herein; and

(b) granting such other relief that this Court deems just, proper, and equitable.

        **McDonnell Crowley, LLC**
        *Counsel for Plaintiff, John M. McDonnell,*
        *Chapter 7 Trustee*

By:  */s/ Brian T. Crowley*
      BRIAN T. CROWLEY

Dated: November 20, 2017

11

## **VERIFICATION PURSUANT TO 28 U.S.C. § 1746**

I, **John M. McDonnell**, hereby verify that the foregoing statements are true and correct to the best of my knowledge and belief.

DATED:  November 20, 2017                             */s/ John M. McDonnell*
                                                                            JOHN M. MCDONNELL